UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DUANE E. TRAVIS,                          )
                                          )    NO.  CV-06-5017-LRS
                    Plaintiff,            )
                                          )  **ORDER RE: March 15, 2007 HEARING**
        -vs-                              )
                                          )
FLUOR HANFORD, INC., a                    )
Washington Corporation,                   )
                                          )
                    Defendant.            )

**BEFORE THE COURT** are Defendant's Motion for a Protective Order Concerning Requests for Production No. 9-20 (Ct. Rec. 28), Plaintiff's Motion to Compel Concerning Requests for Production No. 9-20. (Ct. Rec. 34), and Plaintiff's Motion to Amend/Correct Plaintiff's Motion to Compel (Ct. Rec. 37). These motions were orally argued on March 15, 2007. Edwin R. Burkhardt  participated on behalf of the Plaintiff and Michael B. Saunders participated on behalf of the Defendant.  After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on that date, which are incorporated herein by reference.

///

ORDER - 1

1    For the reasons stated on the record on March 15, 2007, **IT IS HEREBY**

2  **ORDERED**:

3    **Request for Production No. 9.** This Court finds that the privacy

4  rights of non-parties to this lawsuit are clearly implicated by this

5  request. Therefore, Defendant's Motion for a Protective Order is **GRANTED**

6  as to Request for Production No. 9.

7    **Request for Production No. 10.** For the reasons stated on the record,

8  this Court **GRANTS** Defendant's Motion for a Protective Order as to Request

9  for Production No. 10. However, in doing so, this Court stated

10  specifically that the ruling does not preclude further discovery requests

11  concerning those documents which have already been produced. As the Court

12  stated: "To the extent these violations deal with drugs and it resulted

13  in a firing or in the alternative, some sort of rehabilitation in lieu

14  of firing, it seems to me that there could be further inquiry made."

15    **Request for Production No. 11.**  This Court**GRANTS** Defendant's Motion

16  for a Protective Order with respect to Marilyn K. Stankman's personnel

17  file with the following **EXCEPTION**: to the extent that there are materials

18  in the file that deal with allegations of bias or allegations dealing

19  with discrimination or misconduct on the part of Marilyn K. Stankman or

20  materials that otherwise call into question Ms. Stankman's truthfulness

21  with regard to issues raised in this lawsuit, these materials should be

22  disclosed.   To the extent such materials exist, WITHIN THE PAST FIVE

23  YEARS from the current date, Plaintiff's Motion to Compel (Ct. Rec. 34)

24  is **GRANTED** as to Request for Production No. 11.

25    **Request for Production No. 12.** This Court GRANTS Defendant's Motion

26  for a Protective Order as to Request for Production No. 12 in its current

ORDER - 2

form.

**Request for Production No. 13.** This Court GRANTS Defendant's Motion for a Protective Order as to Request for Production No. 13 in its current form.

**Request for Production No. 14.** This Court **GRANTS** Defendant's Motion for a Protective Order as to Request for Production No. 14. However, in doing so, the Court is not precluding other interrogatories or requests for production that are designed to obtain information which could impeach the testimony of the witness in question, who has apparently testified before.

**Request for Production No. 15** : The Court did not rule on this request as the Plaintiff has withdrawn the request.

**Request for Production No 16**. This Court **GRANTS** Defendant's Motion for a Protective Order, but notes that it appears Defendant has responded fully to the request.

**Request for Production No. 17.** This Court **GRANTS** Defendant's Motion for a Protective Order with respect to this request.

**Request for Production No. 18.**  Given the broad nature of this request, the Court **GRANTS** Defendant's Motion for a Protective Order. The Court notes that the identities of those parties have already been supplied.

**Request for Production No. 19.** The Court **GRANTS** Defendant's Motion for a Protective Order with regard to this request because of its broad scope. In doing so, the Court notes that Plaintiff is entitled to summary information concerning the racial composition of the current work force at the company.

ORDER - 3

1     **Request for Production No. 20.** The Court **GRANTS** Plaintiff's Motion

2 to Compel with respect to this information. However, the information need

3 not be disclosed at this juncture.  This information should be disclosed

4 significantly in advance of trial, specifically, NO LATER THAN **August 1,**

5 **2007.** As this disclosure date is after the close of discovery in this

6 case, Plaintiff has the right to bring any motion concerning disclosure

7 of these materials after August 1, 2007.

8     The Court **DENIES** all requests for Costs.

9     For the reasons explained above,

10     1.   Defendant's Motion for a Protective Order (**Ct. Rec. 28**) is

11 **GRANTED IN PART** and **DENIED IN PART**.

12     2.   Plaintiff's Motion to Compel (**Ct. Rec. 34**) is **GRANTED IN PART**

13 and **DENIED IN PART**.

14     3. Plaintiff's Motion to Amend/Correct Plaintiff's Motion to Compel

15 to add the electronic signature of Plaintiff's Attorney (**Ct. Rec. 37**) is

16 **GRANTED**.

17     **IT IS SO ORDERED**:

18     The District Court Executive is directed to file this Order and

19 provide copies to counsel.

20     **DATED** this 5th  day of April, 2007.

21

22                            /s/ Lonny R. Suko

23                               LONNY R. SUKO
                   UNITED STATES DISTRICT JUDGE

24

25

26

ORDER - 4