UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE E. TRAVIS,<br><br>            Plaintiff,<br><br>    -vs-<br><br>FLUOR HANFORD, INC., a<br>Washington Corporation,<br><br>            Defendant. | NO. CV-06-5017-LRS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (**Ct. Rec. 180**). The motion was orally argued on October 1, 2007 in Yakima, Washington. Edwin R. Burkhardt participated on behalf of the Plaintiff and Michael B. Saunders participated on behalf of the Defendant. After careful review of the pleadings and declarations submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on October 1, 2007, which are incorporated herein by reference. The Court notes that it recited the facts of the case in detail on the record, therefore, they are not set forth in this order.

For the reasons stated on the record on October 1, 2007, **IT IS HEREBY ORDERED:**

ORDER - 1

Defendant is entitled to summary judgment dismissal because there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.  In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the Supreme Court sets forth elements by which a prima facie case may be established under Title 7 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1981) and allocated the resulting procedural burdens.  Because of the similarity in purposes and substantive provisions in both the Civil Rights Act and the ADEA, the federal courts have employed the McDonnell Douglas test and procedures in employment discrimination cases.  *Grimwood v. University of Puget Sound*, 110 Wn.2d 355 (1988).

In order to establish a claim of disparate treatment based on circumstantial evidence, Plaintiff must make a prima facie case of discrimination and show:   1) that Plaintiff belonged to a protected class; 2) that he was qualified for the job; 3) that he was subject to adverse employment action, and 4) that similarly situated employees not in his protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006).

As detailed on the record, the Plaintiff has met criteria one and three of the test to establish a prima facie case.  That is, as an African American, Plaintiff is part of a protected class[1], and when he

---

[1] The Court specifically did not rule on whether the Defendants who made the decision to terminate Mr. Travis knew he was African American or not for the simple reason that even assuming they knew Mr. Travis's race, he has failed to make a prima facie case of discrimination.

ORDER - 2

was terminated from Fluor Hanford, he was subjected to an adverse employment action. However, Plaintiff cannot show that he was qualified for the position as Plaintiff admits that being drug free is a prerequisite for a security clearance of Level L, which was required for him to perform job duties.

Moreover, even if Plaintiff were qualified for his position, he cannot show that other similarly situated employees not in his protected class received more favorable treatment. Mr. Travis claims that other employees who had positive drug tests were given a second chance in the form of substance abuse treatment before being terminated, and that he was not given a second chance. The comparators which Plaintiff argued received favorable treatment were of a higher security clearance, and were subjected to random and annual drug tests. Random drug tests were required for employees who were in the Human Reliability Program, which included approximately 400 people with jobs requiring a security clearance level of Q. Travis never attained a security clearance level of Q, and he was never a candidate for the Human Reliability Program.

Because Plaintiff was never part of that program, he was not subjected to random or annual drug tests of any type. As outlined in the collective bargaining agreement, those employees who were subject to random and/or annual drug tests were entitled to treatment before termination. However, Plaintiff and other non-minority employees with similar clearance classifications were not covered by that portion of the collective bargaining agreement.

ORDER - 3

Plaintiff took one drug test on December 7, 2004, which was a "for cause" test because he failed to disclose a 2003 arrest relating to drugs on his National Security Clearance Questionnaire. Plaintiff was called for a follow-up interview and agreed to take the requested drug test. Plaintiff's drug test was positive for marijuana, which the Plaintiff admitted to smoking the weekend prior to the test.

In addition to claiming discrimination under federal law, Plaintiff further claims he was subjected to disparate treatment in violation of RCW 49.60. However, Washington case law also uses the McDonnell Douglas test. *See Grimwood v. Univ. of Puget Sound*, 110 Wn.2d 355, 361-362 (1988). Because Plaintiff has failed to state a prima facie case for discrimination, Plaintiff's state law claim also fails.

For the foregoing reasons:

1. Defendant's Motion for Summary Judgment (**Ct. Rec. 180**) is **GRANTED**.

2. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, provide copies to counsel, **ENTER JUDGMENT IN FAVOR OF ALL DEFENDANTS**, and **CLOSE THE FILE.**

**DATED** this 24th day of October, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4